UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONZEL BROOKS, *Pro Se*, | Case No.: 1:18 CV 2280 |
| Petitioner | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| L. EPPINGER, WARDEN, | |
| | MEMORANDUM OF OPINION |
| Respondent. | AND ORDER |

*Pro Se* Petitioner Donzel Brooks filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Brooks is currently incarcerated in the Grafton Reintegration Center, having pled guilty in the Cuyahoga County Court of Common Pleas in 2012 to attempted murder, domestic violence, endangering children, and criminal damaging. In his Petition, he asserts the trial court lacked subject matter jurisdiction to convict him because no criminal complaint was filed in his case. For the reasons set forth below, the Petition is dismissed.

**Background**

Petitioner was arrested on November 22, 2011. An indictment was filed against him on December 1, 2011. He pled guilty to attempted murder with forfeiture specifications, domestic violence, endangering children and criminal damaging on March 19, 2012. He was sentenced on April 30, 2012 to ten years and six months incarceration.

Petitioner appealed his conviction to the Ohio Eighth District Court of Appeals. He asserted

a single assignment of error claiming that the trial court failed to make the necessary findings prior to imposing consecutive terms of incarceration. *State v. Brooks*, No. 100455, 2014 WL 4460340, at *1 (Ohio Ct. App. 8 Dist. Sept. 11, 2014). The Court of Appeals agreed and remanded the case for resentencing. *Id.* Petitioner was resentenced on March 6, 2015. *See State of Ohio v. Brooks*, No. CR-11-556822-A (Cuyahoga Cty Ct. Comm. Pl. indict. filed Dec. 1, 2011). The court imposed a sentence of ten years incarceration with 157 days credit for time spent in jail. *Id.* He does not indicate whether he filed an appeal subsequent to his resentencing.

Petitioner has now filed this Petition for a Writ of Habeas Corpus. He asserts as his sole ground for relief that the trial court lacked subject matter jurisdiction because a criminal complaint was not filed in his case. Instead, his criminal prosecution was initiated by an indictment.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

## Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.*

The procedural default doctrine serves to bar review of federal claims that a state court has

3

declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Furthermore, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

**Analysis**

Petitioner has not exhausted his state court remedies for his sole ground for relief. There is no indication that he raised it in either the Ohio Court of Appeals or the Supreme Court of Ohio. As explained above, a Petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A).

Generally, when a Petitioner has not exhausted his state court remedies, there is a "strong presumption" in favor of requiring him to return to state court to complete the exhaustion process. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only"). In this case, however, return to

4

state court would be futile because the only ground Petitioner asserts cannot be raised in a federal habeas corpus Petition.

Relief under § 2254 is available to a person in custody pursuant to a state court judgment in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The manner in which a state criminal action is initiated in state court is a matter of state law, not federal constitutional law. Federal habeas corpus relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). The only exception to this principle is where a state court's error in interpreting or applying its own law has rendered the trial that convicted Petitioner so fundamentally unfair that it deprived him of substantive due process. *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005). The fundamental fairness principle has only been applied to pretrial proceedings where there is some effect on the fairness of the trial itself. This is not the case here. Petitioner was indicted and he pled guilty to the charges. The manner in which his case was initiated did not deny him substantive due process. This claim is not cognizable in a federal Habeas Petition.

## Conclusion

For all the foregoing reasons, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 5, 2019